# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DONALD R. FEARER,**
**Claimant Below, Petitioner**

**FILED**
February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)** **No. 16-0233** (BOR Appeal No. 2050828)
(Claim No. 2014036891)

**MONONGALIA COUNTY COMMISSION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Donald R. Fearer, by Christopher Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Monongalia County Commission, by Katherine Arritt and Jeffrey Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 22, 2016, in which the Board affirmed a September 25, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 15, 2014, decision rejecting Mr. Fearer's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fearer alleges that he injured his back on May 15, 2014, while moving a block of wood. On the alleged date of injury, he sought treatment at Preston Healthcare Services. Mr. Fearer reported experiencing radiating lower back pain following a work-related injury, and was diagnosed with lumbago and lumbar radiculopathy. On May 23, 2014, Mr. Fearer sought treatment in Preston Memorial Hospital's emergency department. He reported experiencing radicular lower back pain, which had been ongoing for approximately six hours, without a recent injury. It was noted that Mr. Fearer has a history of chronic lower back pain. On June 9, 2014,

1

Mr. Fearer returned to Preston Healthcare Services for a follow-up visit. He was diagnosed with lumbago, an unspecified disc disorder of the lumbar region, and an L5-S1 disc bulge.[1] On June 10, 2014, a Report of Injury was completed. In the Report of Injury, Mr. Fearer indicated that he was injured while moving a block of wood on May 15, 2014. Additionally, Mr. Fearer identified Harold Bussey as a witness to the alleged incident.[2]

On June 12, 2014, Adam Nooney, a representative of the claims administrator, obtained Mr. Fearer's recorded statement. Mr. Fearer stated that he immediately reported the alleged injury to his supervisor, Holly Glison. Additionally, Mr. Fearer stated that he is unwilling to name any potential witnesses to the alleged incident. On July 15, 2014, the claims administrator rejected Mr. Fearer's application for workers' compensation benefits.

On October 3, 2014, Mr. Bussey, Mr. Fearer's coworker, authored an affidavit. Mr. Bussey indicated that he was not working with Mr. Fearer on the alleged date of injury and did not see him sustain any type of work-related injury. Further, he indicated that he never witnessed Mr. Fearer sustain any type of back injury during the time they worked together. Finally, Mr. Bussey indicated that Mr. Fearer mentioned that he suffered from chronic back problems prior to the alleged date of injury. Holly Glison, Mr. Fearer's supervisor, also authored an affidavit on October 3, 2014. Ms. Glison indicated that Mr. Fearer never reported to her that he sustained a work-related injury in May of 2014, or at any other time. She further indicated that Mr. Bussey was not present on the alleged date of injury. Finally, Ms. Glison indicated that Mr. Fearer frequently complained of back pain prior to the alleged date of injury.

In its Order affirming the July 15, 2014, claims administrator's decision, the Office of Judges held that Mr. Fearer has failed to establish by a preponderance of the evidence that he sustained an injury in the course of and resulting from his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 22, 2016. On appeal, Mr. Fearer asserts that the evidence of record demonstrates that he sustained an injury in the course of and resulting from his employment on May 15, 2014.

The Office of Judges found that the evidence of record regarding the circumstances surrounding the alleged injury contains multiple inconsistencies. Specifically, the Office of Judges found that in the Report of Injury, Mr. Fearer listed Mr. Bussey as a witness to the alleged incident. However, the Office of Judges further found that two days after completing the Report of Injury, Mr. Fearer declined to name any witnesses when giving a recorded statement to a representative of the claims administrator. Additionally, the Office of Judges noted that Mr. Bussey authored an affidavit in which he indicated that he did not witness the alleged injury. Further, the Office of Judges found that although Mr. Fearer stated that he immediately informed Ms. Glison, his supervisor, of the alleged injury, Ms. Glison authored an affidavit in which she indicated that Mr. Fearer never reported the alleged injury. The Office of Judges also noted that Mr. Fearer waited approximately one month to file a Report of Injury, and found that his delay in

---

[1] The record clearly demonstrates that the L5-S1 disc bulge pre-existed the alleged May 15, 2014, injury.

[2] Mr. Bussey is repeatedly referred to as "Bill" throughout the record.

reporting the alleged injury dilutes his credibility. Furthermore, the Office of Judges found that the record clearly demonstrates that Mr. Fearer has a longstanding history of chronic back problems, including chronic lower back pain with radiculopathy and a pre-existing disc bulge at L5-S1. Finally, the Office of Judges concluded that Mr. Fearer's medical history coupled with the numerous inconsistencies in the evidentiary record indicates that he did not sustain an injury in the course of and resulting from his employment on May 15, 2014. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker